(November 8, 1993)

■ ARTHUR R. ABRAMS et al., Appellants, v DESIGN WORKS, INC., Respondent, et al., Defendants. [603 NYS2d 529] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), entered May 21, 1991, as granted that branch of the defendants' motion which was to dismiss the complaint against the corporate defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 3, 1987, the car driven by the plaintiff, Arthur R. Abrams, was involved in an accident with a car operated by the defendant Kenneth S. Mandell and owned by the corporate defendant, Design Works, Inc. The plaintiffs forwarded a copy of the summons and complaint to the Nassau County Sheriff on February 28, 1990. Subsequently they served the corporate defendant by serving the Secretary of State on May 4, 1990.

The instant action was untimely commenced against the corporate defendant. The service upon the Sheriff prior to the expiration of the three-year Statute of Limitations *(see,* CPLR 214 [5]) caused an extension of that period by 60 days *(see,* CPLR 203 [b] [5]). However, the 60-day extension was measurable from the day the period of limitations expired, that is, March 3, 1990, regardless of whether that day fell on a Saturday. The plaintiffs would have had the benefit of the General Construction Law § 25-a, permitting them to serve the corporate defendant on the next business day, only if the 60-day period itself ended on a Saturday, Sunday, or public holiday, which was not the case here. Accordingly, service upon the Secretary of State more than 60 days after March 3, 1990, was untimely *(see generally,* Siegel, NY Prac § 34, at 39; § 47, at 58 [2d ed]). Thompson, J. P., Balletta, Miller and Joy, JJ., concur.